Mrs. Mathilda Miller brings this suit against the Holsum Cafeteria, Inc., and its insurance carrier, the Maryland Casualty Company, for $7,500, which she alleges to be due her because of the negligence of a servant of the Holsum Cafeteria, Inc. The facts, as alleged in her petition, are as follows:
On the 11th day of January, 1939, she entered the Holsum Cafeteria on Gravier Street at about the noon hour, with the intention of having lunch, and while standing at a table waiting for it to be cleared, the waiter "in passing back of petitioner with a tray of dishes in each hand and held over petitioner's head, spilled a cup of hot coffee, which he was carrying on one of the trays, over petitioner" and "that some of the coffee was spilled on the back of petitioner's neck and some ran down petitioner's back and some of it was splashed in petitioner's left eye". As a result, it is alleged that she suffered burns of her back and neck and injury to her left eye. She itemizes her damages as follows:
"For humiliation ..................................... $ 150.00 For first degree burns................................ 350.00 For nervous collapse and confinement to her bed and residence ................................. 1000.00 For injuries to her eye, pain and suffering and for the infection of her tonsils ................ 6000.00"
Defendants denied all responsibility for the accident, contending that "while one of its waiters was walking down an aisle in said cafeteria with a tray of food, which he was carrying on his left hand, plaintiff, who was in a stooping position near one of the tables in said cafeteria, suddenly straightened up from said stooping position and hit said waiter's left arm, causing some coffee, which he had on his tray, to spill over and said coffee fell on plaintiff's back."
There was judgment below in plaintiff's favor in the sum of $1,350, itemized as follows:
"For first degree burns ............................ $ 200.00 For humiliation .................................... 150.00 For injury to the left eye ......................... 1000.00"
Defendants have appealed to this Court and plaintiff has answered the appeal asking that the judgment be increased by the sum of $750.
The defendants have failed to establish their contention to the effect that Mrs. Miller suddenly stood erect from a crouching position and struck her head on the tray, which the waiter was carrying, causing the coffee to spill on her neck. Mrs. Miller was accompanied by Mrs. Newton Shirer, who corroborated her statement to the effect that she was standing near a table when the coffee was spilled on her.
It is true that the Cafeteria was crowded on the day of the accident and that, under such circumstances, it is necessary for the waiters in bringing to the tables the food which has been selected by its patrons and in clearing the tables of partially consumed food and soiled dishes to pass in close proximity to the patrons, due to the crowding in the aisles. However that may be, the cafeteria owes to its patrons the duty of preventing, by every reasonable means, such accidents as the one which is made the subject of this suit, and we find that it was negligence on the part of its servant to carry two trays over the head of and so near to Mrs. Miller as to cause the food on the tray, particularly the hot coffee to be precipitated upon her, by the slightest jar or jolt affecting his equilibrium and the stability of the tray. We have little difficulty in concluding that Mrs. Miller is entitled to recover.
The most serious item of damage claimed is the alleged injury to plaintiff's left eye. Mrs. Miller testified that some of the coffee splashed into her eye and Mrs. Shirer that, "whatever was on the waiter fell on her and then the coffee was all on her face. It must have gone in her eye". She also testified that "It looked as though the coffee had went by her eye". *Page 693 
It appears that immediately after the accident, Mrs. Miller was taken into the office of the Cafeteria where, according to Roger Mercadal, the bookkeeper of the cafeteria and one of defendants' witnesses, she said nothing about any coffee having been splashed into her eye. Later on, however, on January 14th, three days after the accident, she returned to the Cafeteria and reported to Mercadal that her eye had been injured, whereupon she was sent to the office of Drs. Victor C. Smith and W.B. Clark, eye specialists. Dr. Smith testified that he saw plaintiff for the first time on January 14th and afterwards on the 16th and 23d, and that he could find no evidence of any burn. She did have a small sty on the upper left lid, but this, he said, was not caused by the accident. Dr. Clark could find nothing wrong with plaintiff's left eye except that she needed glasses. He was unable to discover the sty referred to by Dr. Smith, but said that plaintiff had a slight irritation of the upper lid of the left eye with no evidence of any infection. However, the inflamed area was not caused by a burn. Drs. Smith and Clark sent the plaintiff to Dr. John B. Gooch, an Eye, Ear, Nose and Throat Specialist. He found that she had a slight irritation of the conjunctiva of the left eyelid, but that he did not believe that it was caused by hot coffee. He also testified that she had an infected "chalazion". We are not certain what Dr. Gooch meant by chalazion, but whatever it might be, it was not caused by the coffee. All three of these specialists were employed and paid by the defendant Holsum Cafeteria, Inc., but there is no reason to believe that they were not correct in their findings.
The only other doctor who testified in the case was Dr. Christman, also employed and paid by defendants, who gave his opinion concerning her general condition as well as the condition of her left eye, which he found to be unaffected by the coffee. So far as the burns on her neck and back are concerned he testified that when he saw plaintiff, six days after the accident, they had all healed up.
We are convinced that Mrs. Miller's injuries were slight, but her humiliation and discomforture resulting from the carelessness of defendant's servant must be taken into consideration. We have concluded, therefore, to award her the sum of $350 for all items of damage claimed.
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $1,350 to $350. In all other respects it is affirmed. All costs to be paid by defendants and appellants.
Amended and affirmed.